IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE BURGESS, | ) | 4:08CV3167 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| WILLIAM WILLIAMS, individually | ) | |
| and in his capacity as Veterans Service | ) | |
| Officer of Buffalo County, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is a motion to dismiss this § 1983 action for failure to state a claim upon which relief can be granted.[1] The plaintiff, George Burgess, is employed by the Nebraska Veterans Home in Grand Island, Nebraska. The defendant, William Williams, is the veterans service officer for Buffalo County, Nebraska. The plaintiff alleges as follows:

> On December 19, 2007, the Defendant published numerous Emails to individuals who are more fully set out below subject line was "Burgess" which states in part:
>
>> "Yesterday the BVA posted more BVA decisions to their Website and one that I've been wait for….was there. From that 9/07/07 BVA decision I was able to identify George Burgess as veteran DOCKET NO. 05-15 890. The Defendant claimed Plaintiff was "just one more example of the "epidemic of Menieres Disease" that centers around the county VSO Donald Shuda.

---

[1] Motions to dismiss have also been filed in three related cases: *Brown v. Williams*, 4:08CV3166; *Shuda v. Williams*, 4:08CV3168; and *Mahlin v. Williams*, 4:08CV3175.

The Defendant attached a file pertaining to the Plaintiff. The Defendant states George's wife is "Virginia Burgess" who works for Don Shuda in the Hall County, Veteran's Service office.

The Defendant stated he was seen today (12/18/2007) Carring a sheet of plywood down that hallways of the Nebraska Veterans home where he works (even though he is now getting at least $1600 per month from the VA primarily for a "back condition" with sciatica into his legs." The Plaintiff does not draw $1600 per month nor is his primary disability a "back condition."

That on December 19, 2007, Defendant made and/or supported the accuracy of knowingly false and damaging statements with the intent to harm the personal and business reputations of the Plaintiff.

That the Defendant stated that the Plaintiff would have the veterans said email was separately mailed by the Defendant to:
(a) Joe Violante, who is associated with the With the Disabled Americans Veterans organization;

Similar ones were mailed to:

(b) Jack and Harriet Gould, Common Cause Nebraska
(c) Kevin O'Hanion at the Associated Press
(d) N. Jenkins at the Associated Press
(e) Michael Grutsch at DHHS
(f) Michael G. Daugherty
(g) Paul K. Petraborg at the Veterans Administration
(h) Maurice Copp at the Veterans Administration
(i) Patrick McCormack at the Office of Inspector General
(j) Sandy Rother
(k) Terry Ford
(l) Boomer Smith
(m) Billy Ray Williams

The medical information published by the defendant included but not limited to names of treating physicians, diagnosis and prognosis.

2

> This medical information was wrongfully obtained by the Defendant through his employment as the Veteran's Service Officer in Buffalo county, Nebraska, and is confidential.

(Filing 1, ¶¶ 10-13, pp. 3-4 (paragraph numbering omitted; grammar, punctuation, spelling, and capitalization as in original).)

Summarizing the statement of his claim, the plaintiff alleges that "Defendant deprived the Plaintiff of his liberty interest in his reputation by making false and stigmatizing comments about him, without notice and without due process of law" and "deprived the Plaintiff of his liberty interest by publishing his private confidential medical information and information about his wife." (Filing 1, ¶¶ 15, 16, at CM/ECF pp. 4-5.) In the complaint's introductory paragraph, the plaintiff states that he is seeking injunctive and monetary relief for violation of his "due process rights as guaranteed under the First and the Fourteenth [A]mendment[s] to the US Constitution, and for violation of his liberty interest, [by the defendant] making false, stigmatizing statements and publishing private and confidential medical information of the Plaintiff, personally, in violation of his right to privacy." (Filing 1, ¶ 1, at CM/ECF p. 1.) The defendant disputes that any constitutional violation has been alleged.

I agree with the defendant that his alleged publication of false statements did not violate the plaintiff's constitutional rights under the Fourteenth Amendment. "Damage to reputation alone . . . is not sufficient to invoke the procedural protections of the due process clause. *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "The loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest." *Id.* Because the plaintiff's defamation claim fails to satisfy this "stigma plus" test, it will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

---

[2] The plaintiff, if he desires, may file a motion for leave to amend his complaint to allege a state-law tort claim and invoke this court's supplemental jurisdiction.

With respect to the defendant's alleged publication of the plaintiff's medical information, I find that the plaintiff's complaint sufficiently states a claim upon which relief can be granted.[3] The Eighth Circuit has held that "to violate the constitutional right of privacy 'the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information.'" *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)). "To determine whether a particular disclosure satisfies this exacting standard, we must examine the nature of the material opened to public view to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996). "When the information is inherently private, it is entitled to protection." *Id.* (quoting *Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105, 116 (3d Cir. 1987)). By any estimation, medical records must be considered extremely personal and entitled to protection under the fourteenth amendment. *See id.* (citing with approval *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir.1980) (extending privacy protection to medical records)).

Liberally construing the plaintiff's complaint, it is alleged that the defendant had access to the plaintiff's medical records by virtue of his position as a county

---

[3] When confronted with a Rule 12(b)(6) motion, all the factual allegations contained in the complaint are accepted as true, and the complaint is reviewed to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). If the complaint does not state "enough facts to state a claim to relief that is plausible on its face," it must be dismissed for failure to state a claim. *Id.* at 1974. The complaint must state enough facts to "nudge [the] claims across the line from conceivable to plausible. . .." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

4

veterans service officer, and that he deliberately disclosed confidential information, including physicians' diagnoses and prognoses of the plaintiff's medical condition, to several outside parties, including news organizations. The defendant argues that he is only alleged to have disseminated information from a reported decision by the Board of Veterans Appeals, involving a claim for benefits by the plaintiff,[4] but the complaint is not so limited.

The plaintiff also complains that "information about his wife" was published, but it is only alleged that her name and occupation were given. No constitutional right to privacy attaches to such information Also, as a general rule, a plaintiff may only assert his own injury in fact and "cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, ___ (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). The plaintiff's allegations do not show that he has "third-party standing" to assert a right-to-privacy claim on behalf of his wife. The factual allegations of the complaint also fail to state a First Amendment claim.[5]

The defendant is sued in both his individual and official capacity. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A political subdivision may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." *Id.* (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). However, "[a] political subdivision may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id.* There is no express allegation that Buffalo County

---

[4] I make no determination of whether this information was private or public.

[5] Although the complaint references the First Amendment, the plaintiff only argues in his brief that he has stated a Fourteenth Amendment claim.

has a policy to disclose confidential medical information, but the plaintiff argues that the defendant acted as a final policymaker when he sent out the emails. *See, e.g., Angarita v. St. Louis County*, 981 F.2d 1537, 1546-47 (8th Cir. 1992) (holding that any action taken by police superintendent within his department constituted county policy); *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986) (a municipality is liable under § 1983 for actions directed by an official who establishes governmental policy whether that action is taken only once or repeatedly). Without more information concerning the nature and extent of the defendant's authority, no determination can be made of this question of law.

IT IS ORDERED that the defendant's motion to dismiss (filing 8) is granted in part and denied in part, as follows:

1. The motion to dismiss is granted with respect to the plaintiff's claims that the defendant violated his First Amendment rights and deprived him of a constitutionally protected interest under the Fourteenth Amendment by making false and stigmatizing comments about him, without notice and without due process of law, and by publishing information about his wife.

2. In all other respects, the motion is denied.

October 20, 2008.                BY THE COURT:

                                                                     s/ *Richard G. Kopf*
                                                                     United States District Judge