IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE BURGESS, | ) | 4:08CV3167 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| WILLIAM WILLIAMS, individually | ) | |
| and in his capacity as Veterans Service | ) | |
| Officer of Buffalo County, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for summary judgment (filing 21). Upon careful consideration of the parties' pleadings, briefs, and affidavits,[1] I conclude that the motion should be granted, and the plaintiff's action dismissed with prejudice.

I previously determined that the plaintiff's complaint alleges an actionable right-to-privacy claim under the Fourteenth Amendment. Thus, in denying in part a motion to dismiss, I stated:

> Liberally construing the plaintiff's complaint, it is alleged that the defendant had access to the plaintiff's medical records by virtue of his position as a county veterans service officer, and that he deliberately disclosed confidential information, including physicians' diagnoses and prognoses of the plaintiff's medical condition, to several outside parties, including news organizations. The defendant argues that he is only

---

[1] The plaintiff's motion for an enlargement of time (filing 26) to respond to the motion for summary judgment has not been objected to by the defendant and will be granted *instanter*. The plaintiff's opposing brief (filing 29) and index of evidence (filing 28) have been considered.

> alleged to have disseminated information from a reported decision by the Board of Veterans Appeals, involving a claim for benefits by the plaintiff, but the complaint is not so limited.

(Memorandum and Order entered October 20, 2008 (filing 16), pp. 4-5 (footnote omitted).)

The defendant's affidavit establishes that all of the information he disclosed regarding the plaintiff's medical condition and receipt of veterans compensation benefits was publicly available on the internet, and that none of this information was obtained by virtue of the defendant's employment position. Basically, the evidence shows that the defendant saw the plaintiff's name in documents that a watchdog group, Common Cause, obtained pursuant to a Freedom of Information Act request and shared with the defendant; that the defendant discovered by searching for the plaintiff's name on the public website of the United States Court of Appeals for Veterans Claims that the plaintiff had appealed from a decision that was entered by the Board of Veterans Appeals (BVA) on September 7, 2007; that the defendant then searched the BVA public website using that date and "Lincoln, Nebraska" as search terms and found three cases, which were designated only by their docket numbers; that after reading the decisions in each of those cases the defendant was able to identify the plaintiff's case because of his age, which the defendant learned by using another public search engine on the internet; and that the defendant determined the amount of the plaintiff's compensation benefits simply by consulting a table on the BVA website and finding the applicable amount for the plaintiff's disability ratings, as stated in the BVA published decisions. (Affidavit of William Williams (filing 22-2), pp. 3-7, ¶¶ 11-29.) The plaintiff has not shown that the defendant disclosed any medical information about him that was not also contained in the BVA decisions.

In summary, because there is no evidence that the defendant committed "a flagrant bre[a]ch of a pledge of confidentiality," *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)),

the plaintiff's constitutional claim fails as a matter of law. I need not consider the defendant's additional arguments that he is entitled to qualified immunity in his individual capacity and that he cannot be held liable in his official capacity because he is not the final policymaker for Buffalo County.

Accordingly,

IT IS ORDERED that:

1. The plaintiff's motion for an enlargement of time (filing 26) is granted *instanter*, and the plaintiff's brief (filing 29) and index of evidence (filing 28) are accepted as having been timely filed.

2. The defendant's motion for summary judgment (filing 21) is granted, and the plaintiff's action is dismissed with prejudice. Judgment shall be entered by separate document.

January 8, 2009.                BY THE COURT:

                                s/ *Richard G. Kopf*
                                United States District Judge